Caria, per Harper, Ch.
There is certainly no question with respect to the recording of a marriage settlement, (supposing the conveyance directed by the order of the Court to be such settlement.) The only settlement executed was duly recorded. Then on what ground is the property in possession of the husband to be regarded as liable to bis creditors'! The argument is, that the slaves in question were the property of the wife, which the husband has reduced into possession, and which must therefore, to all intents, be regarded as his property. But in order that the marital rights may attach, at all events in this Court, it is necessary that the husband should take possession as husband, and as of his own property, and not as trustee. It has been repeatedly decided, that if the husband be in possession as administrator of an estate, of which his wife is entitled to a distributive share, the marital rights will not attach until the estate be fully administered and partition made. If he be in possession, as executor, of a specific legacy given to his wife, the marital rights will not attach until, by some act, he signifies his assent to the legacy, and his intention to take possession in the character of husband. If property be given to the separate use of the wife, by deed or by will, without the intervention of a trustee, it is the well settled doctrine of this Court, that, though the marital rights may attach at law, the husband will be regarded as trustee ; still more, if property were given to the husband, expressly, in trust for the separate use of his wife. And the lien of a judgment or execution will not attach on property which a man holds only as trustee. A specific legal lien will prevail against subsequent general legal liens, as where land is articled to be sold, the contract will be enforced against subsequent judgment creditors. Finch vs. Marquis of Winchelsea, 1 Pr. Wms. 277. Is there any doubt, but that in the present instance a bill would at any time have been sustained on the part of the wife-against the husband, to compel him to execute a settlement in pursuance of the order of the Court 1 But a trust in personalty may be created by parol, without deed or writing, and the same law would apply if personal property wTere delivered to the husband, with a parol declaration, that it was in trust for the separate use *308 of his wife. But this is precisely what I understand to have been done in the present case. The commissioner in equity was a trustee for the wife, and delivered the property to the husband, in pursuance of the order of the Court, and with a view to a settlement being made. Even a purchaser, still more a volunteer, taking possession of trust property with a notice of the trust, will be made a trustee by the Court.
I know of no other ground on which the decree could be sustained, unless that there was fraud in permitting the property to go into the possession of the husband, so as to enable him to gain credit. But this cannot of itself constitute fraud, or every one who lends or hires property to another, or furnishes him with goods on credit, would be guilty of the same sort of fraud. Though the commissioner may have been guilty of negligence, in delivering the property to the husband, until the settlement made and recorded, I do not perceive that any fraudulent purpose can be imputed to him. But it must be the fraud of the party beneficially entitled to the property, which will preclude him from asserting his title to it. The wife was such party in the present case, but it does not appear that the property went into the possession of the husband, by any fraudulent contrivance of hers, or that she had any agency in the matter.
It is ordered and decreed, that the decree of the Chancellor be reversed, and that the defendants be perpetually enjoined from enforcing their execution on the slaves in question.
Johnson, Ch. concurred.
Johnston, Ch. absent from indisposition.